*Gray,* for appellants.
*W. Ward Newton,* for appellee.

## 51793. GOULD v. THE STATE.

QUILLIAN, Judge.

The defendant appeals from his conviction for aggravated assault. *Held:*

1. An enumeration of error complaining of the admission of certain evidence to which no objection was interposed is without merit.

2. It is contended that permitting the defendant to represent himself violated his constitutional right to counsel.

The United States Supreme Court has recently held: "The Sixth Amendment as made applicable to the States by the Fourteenth guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself *without* counsel when he voluntarily and intelligently elects to do so; and in this case the state courts erred in forcing petitioner against his will to accept a state-appointed public defender and in denying his request to conduct his own defense." Faretta v. California, 422 U. S. 806 (95 SC 2525, 45 LE2d 562).

The defendant at preliminary stages and immediately before the trial was offered and declined representation. From the record, we find that the requirements of Faretta were met.

3. It is contended that it was error to admit, over objection, the defendant's written statement.

We point out that, contrary to the defendant's contentions, the trial judge made a preliminary finding that the statement was voluntarily given before submitting the statement for the jury's determination.

The defendant further urges that the requisite Miranda warnings were not given. Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694). A witness for the state testified that the written statement was the defendant's account of what happened and that the

statement contained a printed form listing the defendant's rights. The witness further related the defendant read the form and stated to him that he clearly understood it before he signed it. The defendant testified there were some words in the statement which he did not understand.

Since the thrust of the objection was that defendant's rights were not read to him, we find that allowing the defendant to read rights printed on a form would not violate the tenets of Miranda.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED FEBRUARY 4, 1976 — DECIDED FEBRUARY 26, 1976 — REHEARING DENIED MARCH 18, 1976 —

*James T. Irvin,* for appellant.
*V. D. Stockton, District Attorney,* for appellee.