31693. FARLEY v. THE STATE.

HILL, Justice.

1. The defendant was indicted for the offenses of criminal attempt-armed robbery, a felony, Code Ann. §§ 26-1001, 26-1006, and felony murder, Code Ann. § 26-1101 (b). The evidence showed that he was a party to the attempted armed robbery but was not the actual perpetrator of the murder. He was found guilty of both crimes and was sentenced to life for murder, plus 10 years for criminal attempt, to be served consecutively.

On appeal the defendant urges that the criminal attempt-armed robbery is a lesser included offense in the felony murder. *Burke v. State,* 234 Ga. 512 (3), 518 (216

SE2d 812); *Atkins v. Hopper,* 234 Ga. 330 (3) (216 SE2d 89); *Tarpkin v. State,* 236 Ga. 67 (5) (222 SE2d 364). The state acknowledges that this contention is correct. Upon remand the sentence for the lesser included offense of criminal attempt-armed robbery must be set aside.

2. Although conflicting, there was evidence from which the court and jury were authorized to find that the defendant's confession was voluntary and thus admissible.

3. There was evidence from which the jury was authorized to find that the defendant was present at the scene of the crime. This evidence plus his confession to participating in the robbery was sufficient to authorize the verdict of guilty of felony murder.

4. The defendant was arrested on July 3, 1975. His trial commenced on March 22, 1976, over 8 months later. Before examining prospective jurors, defendant's counsel announced ready; counsel for a co-defendant reserved the right to make a motion. After the jury retired to deliberate, co-defendant's counsel urged on oral motion to quash the indictment on the ground that the co-defendant had been denied a speedy trial. Defendant's counsel sought to be allowed to join in the co-defendant's motion. The trial judge overruled this defendant's motion on the ground that no motion to quash had been made by this defendant and no agreement had been entered into that such motion could be made orally and heard during the trial. The trial court did not err in overruling a speedy trial claim raised for the first time after the jury retired to deliberate.

*Judgment affirmed as to the crime of murder; judgment reversed as to the crime of criminal attempt-armed robbery. All the Justices concur.*

Submitted November 19, 1976 — Decided January 6, 1977.

*James H. Fort,* for appellant.
*E. Mullins Whisnant, District Attorney, William J. Smith, Arthur K. Bolton, Attorney General,* for appellee.