## 32402. TAYLOR v. RICKETTS.

BOWLES, Justice.

This court found probable cause to appeal the denial of habeas corpus to Erwin Green Taylor on the issue of waiver of counsel, in light of Faretta v. California, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975).

The appellant was indicted by a Muscogee County Grand Jury for felony-murder and attempted armed robbery. Because he was an indigent, counsel was appointed to represent him. The case came to trial with appellant represented by his appointed counsel. After the jury was struck, the court recessed in order for the appellant to address the judge. At this time appellant asked that appointed counsel be dismissed, and he be allowed to represent himself.

The court informed the appellant that his appointed counsel was extremely capable and would afford a vigorous defense. The court also told appellant that there was no law forcing counsel upon him, but that he would only dismiss counsel upon appellant's insistence. Appellant insisted, stating that he felt the attorney "might not be in my best favor." The court assured the appellant that this was not true, and again asked appellant if he still elected to represent himself. Appellant replied in the affirmative. At this point, ap-

pointed counsel was excused from the case.

The Sixth Amendment as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily and intelligently elects to do so. A state may not force a lawyer upon an appellant when he insists that he wants to conduct his own defense. Faretta v. California, supra.

An attorney was appointed for appellant Taylor at the time of his arraignment in October, 1975. By the time of trial in April of 1976, appellant and his attorney had had five or six conferences, at which times they discussed the charges pending against appellant. Appellant's appointed attorney testified at the habeas corpus hearing that, in his professional opinion, appellant had a very difficult case because, at the time of his arrest, he had made a confession to the police. Negotiations were made with the district attorney for plea bargaining, but appellant refused to enter a plea of guilty. At no time did appointed counsel exert force in suggesting that appellant plead guilty, although he did try to explain to appellant that he could be found guilty of murder although appellant himself did not pull the trigger.

When Taylor made the decision to go to trial, appointed counsel explained three defenses they would use: (1) appellant's constitutional rights had been denied in that he was not afforded a speedy trial; (2) appellant's statement to the police had not been freely and voluntarily made; and (3) appellant lacked criminal intent. (After being dismissed as counsel, but before leaving the courtroom, the appointed counsel raised issues one and two by oral motion on appellant's behalf.) Although at the hearing on his habeas corpus application appellant complained that he did not believe his appointed attorney would subpoena alibi witnesses for him, it is undisputed that appellant never mentioned the existence of any possible alibi defense and he admitted to counsel that he was at the scene of the crime. Appellant was 20 years old and had a high school education. He had been in court on a previous occasion.

"A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Johnson v. Zerbst, 304 U. S. 458, 464 (1937). Under the circumstances of this case, we find that appellant Taylor effectively waived his Sixth Amendment right of assistance of counsel and in fact invoked his right to represent himself.

Taylor was appointed a capable attorney in the early stages of his imprisonment. In a series of conferences, he was told of the difficulties he would be facing at trial and the defenses counsel intended to use. Considering his age and education, and being informed of these problems and possible defenses, he was able to make an intelligent and voluntary waiver of counsel. As the United States Supreme Court stated in Faretta v. California, supra (p. 834), "It is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts. But where the defendant will not voluntarily accept representation by counsel, the potential advantage of a lawyer's training and experience can be realized, if at all, only imperfectly." See also Gould v. State, 138 Ga. App. 159 (225 SE2d 916) (1976).

Although the trial court strongly urged appellant to make use of his appointed counsel, it could not constitutionally force him to do so. We find no error in allowing the appellant Taylor to represent himself at trial. The order of the trial court, in denying appellant's application for a writ of habeas corpus is affirmed.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs specially, and Hill, J., who dissents.*

SUBMITTED JUNE 14, 1977 — DECIDED SEPTEMBER 7, 1977.

Ervin Taylor, *pro se.*

*James C. Bonner, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.

HALL, Justice, concurring specially.

Faretta's conviction of grand theft was vacated by the United States Supreme Court which ruled on certiorari that the trial court, in forcing Faretta to accept the services of the public defender, had erroneously denied him his Sixth Amendment right to represent himself.

We must be careful that trial courts are not caught in an impossible squeeze: If they refuse to allow a defendant to represent himself and he is convicted, the conviction may be reversed on the ground that he was denied his right of self-representation; but if the court does allow him to represent himself and he is convicted, an appellate court may reverse upon finding that his choice was not intelligently made. Accordingly, we must take care what tests we apply.

Faretta makes plain that for a valid choice, a defendant must not only waive counsel under the Johnson v. Zerbst standard of waiver, but must affirmatively choose self-representation. 422 U. S. at 836. "We do not suggest that this right [of self-representation] arises mechanically from a defendant's power to waive the right to the assistance of counsel . . . On the contrary, the right must be independently found in the structure and history of the constitutional text." 422 U. S. 819, n. 15. In electing self-representation, a defendant must act "competently and intelligently" in making his choice (422 U. S. at 835), *but* "a defendant need not himself have the skill and experience of a lawyer. . ." Id. Therefore, I cannot agree with the theory or result of the dissenting opinion which suggests that a defendant must be able to function at trial as adequately as an attorney to invoke successfully the right to represent himself. This reasoning conflicts with the Supreme Court's warnings in Faretta that defendant's "technical legal knowledge, as such, was not relevant to an assessment of his knowing exercise of the right to defend himself," Id. at 836, and that "although he may conduct his defense ultimately to his own detriment,

his choice must be honored. . ." Id. at 834.

The Supreme Court has stated that defendant must know what he is doing and must make his choice of self-representation with his eyes open. 422 U. S. at 836. I think Taylor did that, and I concur in the affirmance of Taylor's conviction for the reasons stated in the majority opinion and also for these additional reasons. I also conclude that Taylor by his choice waived forever his option of raising after conviction an issue of ineffectiveness of counsel, when counsel was he.

HILL, Justice, dissenting.

The defendant was found guilty of felony murder and attempted armed robbery and was sentenced to life plus 10 years. He was not the actual perpetrator.

The differences between this case and Faretta v. California, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975), can be summed up in two quotations from Faretta (422 U. S. at 835-836): "Here, weeks before trial, Faretta clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel. The record affirmatively shows that Faretta was literate, competent, and understanding, and that he was voluntarily exercising his informed free will. The trial judge had warned Faretta that he thought it was a mistake not to accept the assistance of counsel, and that Faretta would be required to follow all the 'ground rules' of trial prodecure." As to these " 'ground rules' of trial procedure" (422 U. S. 807, n. 2), the judge informed Faretta: "You are going to follow the procedure. You are going to have to ask the questions right. If there is an objection to the form of the question and it is properly taken, it is going to be sustained. We are going to treat you like a gentleman. We are going to respect you. We are going to give you every chance, but you are going to play with the same ground rules that anybody plays. And you don't know those ground rules."

Here, after trial commenced the defendant addressed the court and the court advised the defendant as follows: "Mr. Taylor: . . . Your Honor, Mr. D. A., I wish not for Mr. . . . to represent me. The Court: You wish to represent yourself? Mr. Taylor: Yes, I would. The Court: All right,

he has that right. You have mighty competent counsel, Mr. Taylor. You couldn't have hired any more competent or vigorous counsel. . . . He would represent you vigorously . . . without any reservations, but you do have the choice of representing yourself. But I want the record to show . . . that Mr. . . . is available and has represented him up to this point and is willing to continue representing him. However, there is no law that allows us to force counsel on a defendant. And if it's your choice to represent yourself, you are doing that voluntarily at this point, and I will relieve Mr. . . . if you insist, but it's at your insistence. Mr. Taylor: Well, Your Honor, it's like he just might not be in my best favor. The Court: Well, Mr. Taylor, I'm not questioning that might be your opinion, but I can state that I know that is not true. But it's still your choice to represent yourself and if you want to represent yourself you may do so. Mr. Taylor: Yes, sir, I would like to."

Here the defendant was not warned that he would be required to follow all the ground rules of trial procedure.[1] Absent that warning, his decision to represent himself was made without his being "made aware of the dangers and disadvantages of self-representation." Faretta, 422 U. S. at 835. As a result, this defendant was sentenced to serve 10 years for attempted armed robbery which an attorney could have prevented. *Burke v. State,* 234 Ga. 512 (216 SE2d 812) (1975); *Farley v. State,* 238 Ga. 181 (1) (231 SE2d 761) (1977). I therefore dissent.

---

[1] Although in conferences before trial the defendant was told by his counsel of the difficulties he would be facing at trial and the defenses counsel intended to use, at that time counsel expected to try the case (if the defendant did not plead guilty) and the defendant was not informed as to the legal ground rules for meeting his difficulties and presenting his defenses.