### 38015. SATTERFIELD v. THE STATE.

JORDAN, Chief Justice.

Troyce Satterfield was convicted for aggravated assault upon his former wife, Yvonne Satterfield, and for the felony murder of her mother, Dixie Skinner. He stabbed both women with a knife. He was sentenced to ten years for the aggravated assault consecutive to life imprisonment for the felony murder. We affirm.

1. Satterfield objected to questions by the state to the sheriff's investigator on direct examination regarding whether Satterfield's statement was freely and voluntarily made and whether it was made without the slightest hope of benefit or the remotest fear of injury. The objection in each instance was that the question called for a conclusion.

The investigator previously had testified about the contents of a card he had read to Satterfield before Satterfield gave his statement. The card contained a complete recital of the standard Miranda warnings and rights, and included, inter alia, the recital that "I understand and know what I am doing. No promises or threats have been made to me and no coercion, of any kind, has been used against me." The investigator had testified that Satterfield initialed the card, acknowledging its contents. "[W]here a witness testifies to the circumstances surrounding the confession, showing clearly that it was voluntary, a question then posed to the witness regarding its voluntariness does not call for a conclusion." *Woods v. State,* 233 Ga. 495, 497 (212 SE2d 322) (1975). The first enumeration of error is without merit.

2. There is no evidence in the transcript of proceedings indicating that Satterfield ever was in the slightest danger from either of his victims. Accordingly, the trial court did not err by failing to charge on justification. *Lanham v. State,* 243 Ga. 576 (2) (255 SE2d 52) (1979). The transcript does indicate that Yvonne's mother, Dixie, attempted to push or pull Satterfield away from Yvonne after Satterfield had stabbed Yvonne because Yvonne had refused to go out with him. Satterfield then stabbed Dixie. Satterfield's statement that he thought Dixie had a gun did not require a charge on justification or mitigation. *Patterson v. State,* 239 Ga. 409, 413 (4) (238 SE2d 2) (1977).

3. Count one of the indictment charged Satterfield with the malice murder of Dixie. Count two charged him with aggravated

assault upon Yvonne. The jury was instructed under count one both as to malice murder and felony murder, the aggravated assault upon Yvonne being the only underlying felony mentioned in the court's instructions.

Satterfield contends that his conviction and sentence for aggravated assault upon Yvonne must be set aside under authority of our decision in *Stanley v. State,* 240 Ga. 341, 343 (1) (241 SE2d 173) (1977), wherein we held that "a person cannot legally be convicted and sentenced for both a felony murder and the lesser included felony on which that felony murder conviction is based."

The state concedes that *Stanley* is the law where the felony murder and the underlying felony are committed on a single person, but contends that Code Ann. §§ 26-505 and 26-506 do not require the conviction and sentence for the underlying felony to be set aside where, as in the present case, the underlying felony (aggravated assault) was omitted on one person (Yvonne) and the felony murder was committed on another (Dixie).

The state's position is not without supporting authorities. In *Crawford v. State,* 236 Ga. 491, 494 (224 SE2d 365) (1976), the appellant was indicted for the malice murder of a Mr. Johnson and the armed robbery of a Mr. Sirmants. He was convicted for the felony murder of Mr. Johnson and the armed robbery of Mr. Sirmants. This court distinguished *Crawford* from *Burke v. State,* 234 Ga. 512, 514 (216 SE2d 812) (1975), as follows: "Unlike the appellant in *Burke,* the evidence shows without dispute that there was more than one victim in this case. The convictions for the murder of one victim and the armed robbery of a different victim were supported by both the indictments and the evidence in this case. See *Kramer v. Hopper,* 234 Ga. 395, 397 (216 SE2d 119) (1975)."

The *Stanley* case, upon which Satterfield relies, involved a single victim, as have several of our recent decisions applying the *Stanley* precept. *Blankenship v. State,* 247 Ga. 590, 591 (277 SE2d 505) (1981); *Dampier v. State,* 245 Ga. 427, 435 (13) (265 SE2d 565) (1980); *Hall v. State,* 241 Ga. 252, 253 (244 SE2d 833) (1978); *Thomas v. State,* 240 Ga. 393, 404 (242 SE2d 1) (1977); *Farley v. State,* 238 Ga. 181 (1) (231 SE2d 761) (1977). On the other hand *Collier v. State,* 244 Ga. 553, 563 (6) (261 SE2d 364) (1979), involved multiple convictions and sentences for armed robbery, only one of which was necessary to support the conviction under the indictment for felony murder. The indictment in *Collier* did not specify which of the armed robberies was the underlying felony that formed the basis for the felony murder count of the indictment. In *Collier,* the conviction and sentence for the principal underlying felony were set aside but the remaining armed robbery convictions and sentences were allowed to stand. Both

*Stanley* and *Collier* cited and relied upon *Atkins v. Hopper,* 234 Ga. 330 (3) (216 SE2d 89) (1975), which held that Atkins' conviction for the armed robbery of two men must be set aside because his indictment for felony murder referred to the robbery of the two men as the underlying felony supporting the felony murder indictment. The state insists that we should recur to fundamentals by analyzing the issue in terms of Code Ann. §§ 26-505 and 26-506. We agree with this suggestion.

Subsections (b) and (c) of Code Ann. § 26-506 are inapplicable in the present case because all offenses were prosecuted here in a single prosecution in a single court. Subsection (a) of Code Ann. § 26-506 states that when the same conduct of an accused may establish the commission of more than one crime, the accused may be *prosecuted* for each crime but that he may not, however, be *convicted* of more than one crime if (1) one crime is included in the other, or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct. We believe the General Assembly did not intend to include within the "(2)" category an aggravated assault alleged in one count of an indictment to have been committed on one person and a malice murder alleged in another count of the same indictment to have been committed upon another person. Hence, we turn to Code Ann. § 26-505 to determine whether one of those two offenses was included in the other within the contemplation of Code Ann. § 26-506 (a)(1). *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974).

A crime *is* included within another crime charged in an indictment when "(a) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged, or (b) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." We note that Code Ann. § 26-505 makes no attempt to detail all of the instances in which one offense *is not* included within another, the most obvious example of non-inclusion being when the crime is charged in a separate count of an indictment as having been committed upon another person. Had the jury found Satterfield not guilty of the felony murder of Dixie under count one of the indictment, the jury could not have found him guilty under count one of the aggravated assault upon Yvonne, an offense charged in count two of the indictment. See the special concurring opinion of Presiding Justice Hill in *Atkins v. Hopper,* supra, 234 Ga. at 336.

The jury was not charged as to aggravated assault upon Dixie, an offense that would have sufficed to support the felony murder

conviction under count one. *Phelps v. State,* 245 Ga. 338 (1) (265 SE2d 53) (1980); *Sutton v. State,* 245 Ga. 192 (1) (264 SE2d 184) (1980); *Baker v. State,* 236 Ga. 754 (225 SE2d 269) (1976). Instead, the court's charge on felony murder repeatedly referred to the aggravated assault upon Yvonne as the sole supporting or underlying felony.

We distinguish those cases such as *Stanley v. State,* supra, in which both the felony murder and the underlying felony (usually aggravated assault or armed robbery) are committed upon a single victim and in which, consequently, the underlying felony merges with the felony murder, from cases such as *Crawford v. State,* supra, and the present case, in which the underlying felony charged in one count of the indictment is committed upon one victim and the malice or felony murder charged in another count of the indictment is committed upon another person, in which cases, consequently, the underlying felony does not merge with the felony murder conviction. Of course, this problem does not exist when the murder conviction is for malice murder instead of for felony murder. *Ruffin v. State,* 243 Ga. 95, 101 (11) (252 SE2d 472) (1979).

We further distinguish these two lines of cases from other cases in which the count of the indictment alleging felony murder sets forth the underlying felony or felonies supporting the charge of felony murder. *Atkins v. Hopper,* supra. We disapprove of Division 6 of *Collier v. State,* supra, insofar as it set aside one of the underlying convictions for armed robbery. All of the armed robberies in *Collier* were committed on persons other than the murder victim and, unlike *Atkins v. Hopper,* supra, the underlying felony supporting the felony murder count was not specified in the indictment.

The trial court did not err by convicting and sentencing for both the felony murder of Dixie and the aggravated assault upon Yvonne.

*Judgment affirmed. All the Justices concur, except Hill, P.J., who dissents as to Division 3 and the judgment.*

DECIDED NOVEMBER 24, 1981.

*Sam Durden,* for appellant.

*Nat Hancock, District Attorney, Michael J. Bowers, Attorney General, Russell N. Sewell, Jr., Assistant Attorney General,* for appellee.