68021. DANIEL v. THE STATE.

CARLEY, Judge.

Appellant was tried before a jury and found guilty of burglary. He appeals from the judgment of conviction and sentence entered on the jury verdict. Appellant's sole enumeration of error is the admission of his in-custody inculpatory statement.

A Jackson v. Denno hearing was conducted to determine the admissibility of appellant's statement. At the hearing, the deputy sheriff testified that appellant had not been read his Miranda rights, but had merely been given a copy of the standard form containing those rights. However, allowing appellant "to read rights printed on a form would not violate the tenets of Miranda." *Gould v. State*, 138 Ga. App. 159, 160 (225 SE2d 916) (1976). According to the deputy sheriff's testimony, he had known appellant "a long time" and appellant had "read these [Miranda rights forms] a lot of times, and he knows the standard form." Thus, it was shown "that appellant had been involved in criminal proceedings before, and was familiar with the procedures used by the police." *Massey v. State*, 243 Ga. 228, 230 (253 SE2d 196) (1979). According to the deputy sheriff, when appellant was asked if he understood his rights, "[h]e signed the form." The deputy sheriff also testified that he had not threatened appellant and had held out no hope of benefit to secure appellant's signature on the waiver at the bottom of the rights form. The conclusion of the deputy sheriff was that appellant had signed the waiver "freely and voluntarily." Appellant offered nothing in opposition to the deputy sheriff's testimony at the Jackson v. Denno hearing. The evidence concerning appellant's statement was then introduced for consideration by the jury.

The evidence adduced at the Jackson v. Denno hearing clearly demonstrates that "[p]rior to interrogation [appellant] was asked to read and sign a form which stated his rights as enunciated in Miranda . . . . The state's evidence was that [appellant] read the form and then voluntarily signed it." *Murphy v. State*, 146 Ga. App. 721, 724-725 (247 SE2d 186) (1978), overruled on other grounds *Bundren v. State*, 247 Ga. 180 (274 SE2d 455) (1981). See also *Meyer v. State*, 150 Ga.

App. 613 (1) (258 SE2d 217) (1979). The trial court did not err in admitting appellant's statement.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 7, 1984 —

Burglary. Carroll Superior Court. Before Judge Smith.

*E. Carl Prince, Jr.,* for appellant.

*Arthur E. Mallory III, District Attorney, James M. Garcia, Assistant District Attorney,* for appellee.