S90A0197. REDDING v. THE STATE.

(389 SE2d 227)

WELTNER, Justice.

1. (a) As the result of a series of violent confrontations between Bobby Redding and Nina Holloway, the forcible entry by Redding of Holloway's home, the stabbing of Holloway by Redding, and the fatal stabbing by Redding of Jimmy Benton, Redding was indicted upon several felony counts. The essential allegations of the counts that are material to the issues in this appeal are:

(i)   that Redding "did . . . unlawfully without authority and with the intent to commit a felony, to wit: murder, therein, enter the dwelling house of another, to wit: Nina Holloway. . . ."

(ii)   that Redding "did . . . unlawfully make an assault upon the person of Nina Holloway with a certain knife, a deadly weapon, by cutting Nina Holloway with said knife."

(iii)   that Redding "did . . . unlawfully and with malice aforethought cause the death of Jimmy Benton, a human being, by stabbing him with a certain knife. . . ."

(iv)   that Redding "did . . . unlawfully while in the commission of a felony, to wit: burglary and aggravated assault, cause the death of Jimmy Benton, a human being, by stabbing him with a certain knife. . . ."

(b) By its verdict, the jury acquitted Redding of burglary and malice murder, and convicted him of aggravated assault upon Holloway and the felony murder of Benton. The form of the last verdict was "Guilty of felony murder." He was sentenced to life imprison-

ment and to a term of years.[1]

2. Evidence at trial disclosed a long-term relationship between Redding and Holloway that terminated in their separation, and the forcible entry by Redding of Holloway's home. There he stabbed Holloway and Benton with a knife. Holloway escaped, but Benton died of multiple knife wounds.

3. The principal contention on appeal is that the verdict of felony murder must be vacated, as it fails to identify (as between Holloway or Benton) the victim of the aggravated assault that is the underlying felony. Redding insists that the assault upon Holloway was completed at the time of his attack upon Benton, hence the homicide could not be "in the course of the commission of a felony." Citing 40 AmJur2d 368, Homicide, § 74, he contends that there is insufficient causal connection between the stabbing of Holloway and the death of Benton to connect the aggravated assault to the homicide.

4. While there may be some substance *in vacuo* to the legal principles invoked (but see *Satterfield v. State*, 248 Ga. 538, 541 (285 SE2d 3) (1981)), that argument must fail. The indictment identified with total clarity the alleged victim of the underlying assault as Benton. See Division 1 (a) (iv), above. The jury found Redding guilty of felony murder, and specified aggravated assault as the underlying felony, exactly as charged in Count 6 of the indictment.

"Verdicts shall have a reasonable intendment and shall receive a reasonable construction." OCGA § 9-12-4. To suggest that the jury *may* have intended to refer to the aggravated assault upon Holloway as the victim of the underlying felony is mere surmise.

5. Because the aggravated-assault conviction relative to Holloway was not the underlying felony of the murder conviction, the two do not merge. *Satterfield v. State*, 248 Ga. at 541.

6. The evidence is sufficient to permit a rational trier of fact to find Redding guilty of felony murder beyond reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The other enumerations of error disclose no error.

*Judgment affirmed. All the Justices concur, except Hunt, J., who concurs in the judgment only.*

DECIDED MARCH 8, 1990.

*L. Clark Landrum,* for appellant.

---

[1] The crimes occurred on August 18 and 27, 1988, and Redding was indicted on September 6, 1988. He was found guilty on March 28, 1989, and was sentenced the same date. His motion for new trial was filed on April 21, 1989, and denied on June 5, 1989. A notice of appeal was filed on July 5, 1989. The appeal was docketed on November 8, 1989, and submitted without oral argument on December 22, 1989.

*David E. Perry, District Attorney, A. Douglas Newsome, Assistant District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree,* for appellee.