In the Supreme Court of Georgia

Decided:  January 19, 2016

S15A1729.  WIGGINS v. THE STATE.

THOMPSON, Chief Justice.

Following a bench trial, appellant Ulysses Wiggins was found guilty of the malice murder and felony murder of Catherine Walker, the aggravated assaults of Valorice Caples and Carolyn Senior, and other related crimes. He was sentenced to life without the possibility of parole plus an additional 25 years in prison.[1]  Because we conclude the trial court erred by failing to hold a hearing to determine whether appellant's request to proceed pro se was knowingly and intelligently made, we reverse his convictions.

---

[1] Appellant was indicted on August 10, 2010, by a Muscogee County grand jury for the malice murder and felony murder of Catherine Walker, the aggravated assaults of Valorice Caples and Carolyn Senior, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon.  Following a bench trial, the trial court found appellant guilty on all counts and sentenced him to life without parole for malice murder, 20 years concurrent for each aggravated assault count, five years consecutive for the possession of a firearm during the commission of a crime count, and five years concurrent for the possession of a firearm by a convicted felon count.  Appellant filed a timely motion for new trial on January 12, 2011, which he amended through new counsel on September 17, 2012.  The trial court denied the motion for new trial on March 20, 2013, and appellant filed his notice of appeal on March 29, 2013.  The case was docketed in this Court for the September 2015 term and submitted for decision on the briefs.

1. The evidence presented at trial authorized the trial court to find that appellant had been living with Caples and her nephew, Octavious Short, for several years. The day before the crimes, Caples moved out of their shared apartment because of appellant's abusive behavior. On the day of the crimes, as Caples was getting into a car with Senior, appellant grabbed Caples and pulled her out of the car. Appellant, Caples, and Senior then argued on the street until Short and others intervened. Several teens who helped break up the altercation then chased appellant back to his apartment where he retrieved a gun and started shooting. Soon thereafter, appellant confronted Caples again, threatening to kill her, but this altercation, like the first, was broken up. As Caples and Senior retreated to safety, appellant continued to run around the apartment complex, eventually encountering Walker, whom he fatally shot as she stood outside her apartment.

Construed in the light most favorable to the verdicts, we find the evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court's implicit denial, without inquiry or

hearing, of his pre-trial request to represent himself was error.  See <u>Faretta v. California</u>, 422 U.S. 806 (95 SCt 2525, 45 LE2d 562) (1975); Ga. Const. of 1983, Art. I, Sec. I, Par. XII.  We agree.

The record shows that appellant was represented at trial by Mr. Pete Quezada who, three months before trial, suffered a heart attack.  Believing that Mr. Quezada blamed him for causing the heart attack, on September 2, 2010, appellant sent a letter to the trial court explaining his situation and stating:

> What I am asking for is a chance to come before the court.  I am more than ready to defend myself. . . . I cannot allow Mr. Quezada to represent me.   Please let me know what steps I need to take to get this case to trial.

The trial court forwarded appellant's correspondence to Mr. Quezada and included with it a letter suggesting that "[g]iven the nature of [appellant's] letter, it may be prudent to set this matter down for a hearing in front of [the court] at your earliest convenience."  A month later, with no hearing having been held, appellant sent a letter to the Muscogee County Superior Court clerk asking "what [he] needed to do to get this hearing before [the judge]."  The judge's law clerk responded to this letter, informing appellant that if he desired "to obtain any kind of legal relief," he had to "go through the proper channels" and that a copy of appellant's "informal request to dismiss attorney Quezada from this

case" had been forwarded to the prosecuting attorney and Mr. Quezada, "for their review and consideration." No further action was taken by the trial court regarding appellant's request to proceed pro se, leaving counsel in the case. After a one day bench trial, appellant was found guilty of all charges.

Both the federal and state constitutions guarantee a criminal defendant both the right to counsel and the right to self-representation. See Faretta, 422 U.S. at 819-820 (III) (A); Ga. Const. of 1983, Art. I, Sec. I, Pars. XII, XIV; Taylor v. Ricketts, 239 Ga. 501, 502 (238 SE2d 52) (1977) ("A state may not force a lawyer upon an appellant when he insists that he wants to conduct his own defense. [Cit.]"). If a defendant makes a pre-trial, unequivocal assertion of the right to self-representation, the request must be followed by a hearing to ensure that the defendant knowingly and intelligently waives the "traditional benefits associated with the right to counsel" and understands the "disadvantages of self-representation so that the record will establish that he knows what he is doing and his choice is made with eyes open." Faretta, 422 U.S. at 835-836. See Thaxton v. State, 260 Ga. 141, 142 (2) (390 SE2d 841) (1990). If the assertion of the right to proceed without the benefit of counsel is equivocal, there is no reversible error in requiring the defendant to proceed with

4

counsel.  See <u>McClarity v. State</u>, 234 Ga. App. 348 (1) (506 SE2d 392) (1998).

The trial court found on motion for new trial that appellant clearly stated his desire to dismiss counsel and proceed pro se when he informed the court in his September 2, 2010 letter that he was ready to defend himself and that because of recent events, he could not allow Mr. Quezada to represent him. Although, as the State points out, this letter also contains statements reflecting appellant's dissatisfaction with counsel, nowhere in the letter does appellant vacillate in his stated desire to dismiss counsel and proceed pro se. Accordingly, we agree with the trial court's conclusion that appellant unequivocally asserted his constitutional right to self-representation.  See <u>Thaxton</u>, 260 Ga. at 142 (finding defendant's statement that he did not want counsel to represent him and he would represent himself was an unequivocal assertion of the right to self-representation).  Compare <u>Danenberg v. State</u>, 291 Ga. 439, 440-441 (2) (729 SE2d 315) (2012) (defendant's note to court asking for time to dismiss trial counsel and replace them with retained counsel, a public defender, or himself was not an unequivocal assertion of right to self-representation).

The trial court nevertheless denied appellant's motion for new trial,

finding that because appellant did not renew his request at the time of trial, it was reasonable for the court to "assume that [appellant] no longer entertained notions of representing himself." We cannot agree with this conclusion for two reasons. First, by proceeding to trial without holding a Faretta hearing, the trial court gave no consideration to its responsibilities following appellant's assertion of his constitutional right. When a defendant asserts the right to self-representation, it is the responsibility of the trial judge to ensure that the decision to dismiss counsel and proceed pro se has been knowingly and intelligently made and that the defendant has made the choice to proceed without the benefit of counsel with "eyes open." See Faretta, 422 U.S. at 835; Clarke v. Zant, 247 Ga. 194, 197 (275 SE2d 49) (1981) ("the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se" and "that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel.").

Second, the trial court's finding that appellant failed to re-assert his right to self-representation at the start of trial was insufficient, by itself, to establish a proper waiver. "A waiver is ordinarily an intentional relinquishment or

6

abandonment of a known right or privilege," Taylor v. Ricketts, 239 Ga. 501, 503 (238 SE2d 52) (1977), and the determination of whether there has been a valid waiver depends on the circumstances of each case. See id. Here, although appellant initially was appointed counsel, he later unequivocally expressed his desire to proceed without the benefit of counsel's experience and training. Regardless of the soundness of this decision, see Faretta, 422 U.S. at 834 ("[i]t is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts"), appellant clearly asserted his right to represent himself, and he was constitutionally entitled to do so as long as his decision was made knowingly and intelligently. Appellant's request to proceed pro se was virtually ignored by both the trial court and counsel prior to trial, and relying only on appellant's silence at the start of trial, the trial court "assumed" appellant had waived his previously asserted right. Under these circumstances, and especially because there was no affirmative evidence that appellant wavered or equivocated in his desire to proceed pro se, we find that appellant's mere silence was insufficient to establish a knowing and intelligent waiver of his already invoked right to self-representation. See Carnley v. Cochran, 369 U.S. 506, 513 (82 SCt 884, 8 LE2d 70) (1962)

7

("Presuming waiver [of right to counsel] from a silent record is impermissible."); Jones v. Wharton, 253 Ga. 82, 83 (316 SE2d 749) (1984) ("Merely finding that a request for counsel was not made is insufficient to establish waiver [of right to counsel]").  See also Moore v. Haviland, 531 F3d 393, 403-404 (6th Cir. 2008) (defendant's responsiveness to questions posed by counsel after assertion of right to proceed pro se was neither a withdrawal of his previous requests to proceed pro se nor a waiver of his right to self-representation).  Compare McDonald v. State, 296 Ga. 643, 648-649 (3) (770 SE2d 6) (2015) (holding that defendant abandoned request to represent himself where counsel confirmed on record and in defendant's presence that defendant wished to proceed with counsel); Potts v. State, 259 Ga. 96, 105 (28) (376 SE2d 851) (1989) (no denial of right to self-representation where accused unequivocally withdrew his request to proceed pro se after having been informed of the dangers).

In summary, the record in this case shows that appellant unequivocally asserted his right to self-representation and that his request to proceed pro se was implicitly denied by the trial court without a Faretta hearing.  The trial court's failure to engage in the required Faretta colloquy and failure to rule on

appellant's unequivocal request amount to a violation of his constitutional right to self-representation. See Smith v. State, 332 Ga. App. 849, 853-854 (2) (775 SE2d 211) (2015). See also United States v. Hernandez, 203 F3d 614, 625 (9th Cir. 2000) (holding that if trial court "fails to fulfill its obligation to inform the defendant [of the dangers and disadvantages of self-representation] and then *denies* his request to represent himself, it violates the defendant's Sixth Amendment right of self-representation"). His convictions, therefore, must be reversed. See McKaskle v. Wiggins, 465 U.S. 168, 177 (III), n. 8 (104 SCt 944, 79 LE2d 122) (1984) ("Since the right to self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis. The right is either respected or denied; its deprivation cannot be harmless."); Lamar v. State, 278 Ga. 150, 152 (1) (b) (598 SE2d 488) (2004) (reversing defendant's convictions based on trial court's failure to hold a proper Faretta hearing after assertion of right to self-representation); Sawyer v. State, 227 Ga. App. 493, 493-494 (1) (489 SE2d 518) (1997) (reversing defendant's convictions where record failed to show proper waiver of right to counsel and that defendant was apprised of the dangers attendant to self-representation).

Judgment reversed. All the Justices concur.