305 Ga. 678
FINAL COPY

S19A0019.  OLIVER v. THE STATE.

PETERSON, Justice.

Johnie Oliver appeals his convictions for malice murder and aggravated assault in connection with the June 26, 2014 shooting death of Rayonte Weems.[1] Oliver argues that he invoked his right to self-representation and that the trial court erred by failing to hold a

---

[1] Oliver was indicted by a DeKalb County grand jury on September 25, 2014, for malice murder; felony murder predicated on aggravated assault with a handgun; felony murder predicated on possession of a firearm by a convicted felon; three counts of aggravated assault with a handgun for shooting Weems, Yani Conner, and Theodore Rollins; possession of a firearm by a convicted felon; and three counts of possession of a firearm during the commission of a felony in connection with the three alleged aggravated assaults. At a trial in May 2016, the jury found Oliver guilty of all counts. Oliver was sentenced to life without parole for malice murder; two twenty-year terms for the aggravated assaults of Rollins and Conner, to be served consecutive to the malice murder conviction; five years for possession of a firearm during the commission of a felony to run concurrent with the aggravated assault convictions; and concurrent five-year terms for each of the remaining firearms convictions to be served consecutive to the felony possession and the aggravated assault convictions. The felony murder counts were vacated by operation of law, and the remaining aggravated assault count merged into the murder conviction. Oliver timely filed a motion for new trial on June 14, 2016, and amended it on November 13, 2017. On January 10, 2018, the trial court denied the amended motion for new trial. Oliver's motion for an out-of-time appeal was granted on March 13, 2018. Oliver timely filed a notice of appeal. His appeal was docketed in this Court for the term beginning in December 2018 and was submitted for decision on the briefs.

hearing pursuant to <u>Faretta v. California</u>, 422 U. S. 806, 819 (95 SCt 2525, 45 LE2d 562) (1975). We affirm because Oliver never unequivocally asserted his right to self-representation.

The trial evidence viewed in the light most favorable to the verdicts showed that at around 11:00 p.m. on June 26, 2014, Weems, accompanied by his girlfriend Yani Conner and his friend Theodore Rollins, drove to a residence in DeKalb County to sell marijuana to Oliver. Weems was driving a black Plymouth Neon.

Upon Weems's arrival, Oliver, who was with some friends, walked up to the driver's side window and gave Weems twelve or thirteen dollars for some marijuana. After Weems drove away, Oliver believed the marijuana did not smell right and became angry.

Weems received a call a short time later to return to the same location as before because Oliver wanted his money back. Conner and Rollins were still with Weems, and Oliver and his friends were still at the residence. On arrival, Weems got out of the car, unarmed, grabbed Oliver by his shirt, and yelled at Oliver for insinuating that Weems had sold him low-grade marijuana. Rollins also got out of the

car but remained uninvolved. After the brief argument, Weems turned around and walked back toward the car.

Oliver pulled out a black 9 mm handgun and started firing. He shot Weems five times, Rollins five or six times, and Conner once. Weems died quickly, but Rollins and Conner survived their injuries. As Oliver began shooting, his friends fled; he followed after.

Later, Oliver laughed and bragged to his friends that he had "burnt them n****s," "dumped on those n****s," or "shot them n****s." After his arrest, Oliver tried to solicit another inmate as an alibi witness, telling him about the shooting and explaining that he shot Weems's friends because he did not want any witnesses.

1. Although Oliver does not challenge the sufficiency of the evidence, we have independently reviewed the record and conclude that the evidence presented at trial was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that he was guilty of the crimes for which he was convicted. See Jackson v. Virginia, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979).

2. Oliver argues that the trial court erred by failing to hold a Faretta hearing after he invoked his right to self-representation. We disagree.

The right of a criminal defendant to self-representation is guaranteed by both the federal and state Constitutions. Wiggins v. State, 298 Ga. 366, 368 (2) (782 SE2d 31) (2016); see also Faretta, 422 U. S. at 819 ("Although not stated in the [Sixth] Amendment in so many words, the right to self-representation — to make one's own defense personally — is . . . necessarily implied by the structure of the Amendment."); Ga. Const. of 1983, Art. I, Sec. I, Par. XII ("No person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state."). To avail himself of this right, a defendant must clearly and unequivocally assert his desire to represent himself. Faretta, 422 U. S. at 835-836; Wiggins, 298 Ga. at 368 (2). If an unequivocal invocation is made, it must be followed by a hearing to ensure that the defendant "knowingly and intelligently waives the traditional benefits associated with the right to counsel and

understands the disadvantages of self-representation so that the record will establish that he knows what he is doing and his choice is made with eyes open." Wiggins, 298 Ga. at 368 (2) (quoting Faretta, 422 U. S. at 835-836 (punctuation omitted)). The improper denial of the right to self-representation is a structural error not subject to a harmlessness analysis and requires automatic reversal. McKaskle v. Wiggins, 465 U. S. 168, 177 n. 8 (104 SCt 944, 79 LE2d 122) (1984); Wiggins, 298 Ga. at 370 (2).

The trial court did not err by failing to hold a Faretta hearing; Oliver never unequivocally asserted his right to self-representation. The only evidence Oliver points to as proof of his invocation is a June 26, 2015 pro se petition he filed while represented by counsel titled "Petition To: Dismiss and Re-appoint Indigent Counsel." The petition expressed dissatisfaction with counsel and stated that:

> . . . In light of my current petition please accept my request to act upon my own behalf [Pro Se] until this matter is heard and resolved in your court. I hereby petition the court for new appointment of counsel.

Contrary to Oliver's contentions, both the title and the content of

this petition reflected a request for the appointment of *new* counsel; it was not an unequivocal invocation of the right of self-representation for trial. See, e.g., Danenberg v. State, 291 Ga. 439, 440-441 (2) (729 SE2d 315) (2012) (defendant's note to court asking to dismiss trial counsel and replace them with retained counsel, a public defender, or himself was not an unequivocal assertion of right to self-representation).

Moreover, Oliver went to trial with counsel without any objection or even mention of it to the trial court and complained only after trial. Acquiescence to the "substantial participation by counsel" at trial "obliterates any claim that the participation in question deprived [Oliver] of control over his own defense." McKaskle, 465 U. S. at 182-183.

Because Oliver never unequivocally asserted his right to self-representation, the trial court was not required to hold a Faretta hearing. Therefore, we affirm.

Judgment affirmed. All the Justices concur.

Decided April 29, 2019.

Murder. DeKalb Superior Court. Before Judge Seeliger.

Michael W. Tarleton, for appellant.

Sherry Boston, District Attorney, Deborah D. Wellborn, Roderick B. Wilkerson, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth H. Brock, Assistant Attorney General, for appellee.