**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**September 10, 2025**

# In the Court of Appeals of Georgia

A25A1335. SORS v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Jason Sors was convicted of aggravated sodomy, three counts of child molestation, and four counts of cruelty to children in the first degree. He appeals the denial of his motion for new trial. He argues that trial counsel provided constitutionally ineffective assistance and also caused a structural error by failing to pursue Sors's preferred strategy in support of his actual innocence defense. We hold that Sors has not shown structural error. Nor has he shown both deficient performance and prejudice as to his claims of ineffective assistance of counsel. So we affirm.

1. *Structural error*

Sors argues that trial counsel failed to pursue his preferred defense of actual innocence and his preferred strategy in support of that defense, and that this amounts to structural error, which requires no showing of prejudice.[1] But see *Reid v. State*, 286 Ga. 484, 488 (3) (c) (690 SE2d 177) (2010) (where structural errors are "raised in the context of an ineffective assistance of counsel claim, prejudice will not be presumed"). We disagree.

"Structural error is a defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Alexander v. State*, 313 Ga. 521, 526 (2) (870 SE2d 729) (2022) (citation and punctuation omitted). "Structural errors usually are based on a violation of a constitutional right. . . ." *Sinkfield v. State*, 311 Ga. 524, 527 (1) (858 SE2d 703) (2021).

---

[1] Sors does not challenge the sufficiency of the evidence. Because structural error is not subject to a harmlessness analysis, *Oliver v. State*, 305 Ga. 678, 680 (2) (827 SE2d 639) (2019), and because we resolve Sors's claims of ineffective assistance of counsel on the deficient-performance prong of the test under *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984), we do not review the sufficiency of the evidence. Cf. *Body v. State*, 367 Ga. App. 506, 506 (1) (887 SE2d 356) (2023) (declining to consider the sufficiency of the evidence since defendant did not challenge it, but reviewing evidence as it was relevant to his other enumeration of error).

Sors argues that trial counsel's failure to pursue his preferred defense of actual innocence and his preferred strategy in support of that defense amounts to structural error. He relies on *McCoy v. Louisiana*, 584 U. S. 414 (138 SCt 1500, 200 LE2d 821) (2018). We are not persuaded.

In *McCoy*,

> [t]he United States Supreme Court concluded that, under the circumstances presented in that case, the defendant's rights under the Sixth Amendment had been violated. Specifically, it held that autonomy to decide that the objective of the defense is to assert innocence is reserved for the client and when a client expressly asserts that the objective of his defense is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt. Noting that the defendant had opposed counsel's assertion of guilt at every opportunity, before and during trial, both in conference with his lawyer and in open court, the Court concluded that the defendant's Sixth Amendment rights had been violated and that because a violation of a defendant's Sixth Amendment-secured autonomy constitutes structural error, the Court's ineffective-assistance-of-counsel jurisprudence under *Strickland*[, 466 U. S. at 668], did not apply.

*Griffin v. State*, 321 Ga. at 52, 55 (2) (a) (912 SE2d 692) (2025) (citations, punctuation, and footnote omitted).

First, it is not clear that McCoy applies in non-capital cases. *Griffin*, 321 Ga. at 54 n.3 (2) ("We are aware of no case in which this [c]ourt has applied *McCoy* in a non-capital case. . . .").

Second, even if *McCoy* applies, it is distinguishable. Unlike trial counsel in *McCoy*, Sors's trial counsel did not concede his guilt. Rather, her testimony at the motion for new trial hearing demonstrated that she *did* pursue Sors's preferred defense of actual innocence. And her strategic decisions were made in order to bolster that defense. Sors has not cited any authority, nor have we found any, supporting the idea that the kinds of strategic decisions counsel made here — in pursuit of Sors's preferred defense of actual innocence — constitutes structural error.

Finally, to assert a claim for a *McCoy*-like error, a defendant must make an "'intransigent and unambiguous objection' to counsel's assumed concession like the defendant did in *McCoy.*" *Griffin*, 321 Ga. at 56 (2) (b). "[W]hatever must be shown for a defendant to avail [himself] of a claim under *McCoy* with respect to establishing an 'intransigent and unambiguous objection' has not been shown here." Id.

3. *Ineffective assistance of counsel*

Sors claims that trial counsel was ineffective. To prevail on such a claim, Sors

must show that his counsel's performance was deficient and that he suffered prejudice as a result. To satisfy the deficiency prong, [Sors] must demonstrate that his counsel performed at trial in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms. To establish prejudice, [Sors] must prove that there is a reasonable probability that, but for his trial counsel's deficiency, the result of the trial would have been different. If [Sors] fails to meet his burden of proving either prong of the [this] test, we need not address the other part.

*Pollard v. State*, 321 Ga. 671, 674 (2) (916 SE2d 435) (2025) (citations and punctuation omitted).

Initially, we observe that "aside from citation to authority for the basic legal principles [concerning] ineffective assistance of counsel, [Sors] does not otherwise support his contentions in this enumerated error[,]" with citation of authority and meaningful argument. *McAllister v. State*, 351 Ga. App. 76, 94-95 (6) (c) (830 SE2d 443) (2019) (citations and punctuation omitted). Legal argument "requires, at a minimum, a discussion of the appropriate law as applied to the relevant facts." *Woods v. Hall*, 315 Ga. App. 93, 96 (726 SE2d 596) (2012) (citation and punctuation omitted).

5

Sors argues that trial counsel was ineffective for failing to present certain evidence of what he characterizes as an unfounded allegation made against him by the victim's half sister. Specifically, he argues that the victim's half sister had claimed that Sors had molested her in the past, but that a child protective agency had declared the claim to be "unfounded." Sors also argues that trial counsel was ineffective for failing "to investigate and question witnesses" about a neighbor, whom, he contends, trial counsel could have possibly shown was a perpetrator against the victim's half sister.

At the motion for new trial hearing, trial counsel explained that her strategy was to avoid introducing this testimony. She testified that "[o]pening the door to that type of testimony would've been a terrible misstep," but that she tried to weave into her presentation the idea that the victim was motivated to fabricate the allegations against Sors because she and her half sister want wanted to move back to the state they had moved from. She testified that she was successful in implementing this strategy, because she had successfully opposed the state's attempt to introduce such evidence.

"Beyond [Sors's] present claim[s] that the pros of [presenting this evidence] outweighed the cons — a position colored by hindsight — he has not shown that his trial counsel's . . . strategy was unreasonable." *Nabors v. State*, 320 Ga. 43, 49 (1) (907

SE2d 684) (2024). "[A]t the very least, we cannot say that no reasonable lawyer would have made the strategic decision[s] that trial counsel did here in the light of the circumstances, and so [s]he did not render deficient performance." *Harris v. State*, 314 Ga. 370, 375 (2) (b) (877 SE2d 255) (2022).

Sors seems to argue that trial counsel inadequately cross examined witnesses, but "vague assertions that counsel should have [conducted cross-examination differently are] insufficient to carry his burden of showing that counsel's cross-examination . . . fell outside the wide range of reasonable professional conduct." *Sims v. State*, 321 Ga. 627, 635 (4) (b) (916 SE2d 406) (2025) (citations and punctuation omitted).

Sors's has not shown that trial counsel performed deficiently, so his claims of ineffective assistance of counsel fail.

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*