## A06A0783. DAVIS v. THE STATE.
(631 SE2d 815)

PHIPPS, Judge.

Carson Davis was tried by a jury and convicted of escape. He was sentenced to serve four years, eleven months and fifteen days in confinement, consecutive to any sentence he was then serving, and fined $2,500. In response to Davis's petition for writ of habeas corpus, the habeas court granted him an out-of-time appeal. Davis claims that the trial court created confusion during the trial about whether he was being represented by his appointed counsel or was proceeding pro se; that his appointed counsel was ineffective or, alternatively, that the trial court erred by requiring him to proceed pro se without knowingly and intelligently waiving his right to counsel; and that the trial court erred by failing to instruct the jury that the shackles and handcuffs he wore during trial should not be considered evidence of guilt. We conclude that the trial court erred by requiring Davis to proceed pro se without validly waiving his right to counsel. We therefore reverse and remand for a new trial.

After Davis's case was called for trial, the prosecutor stated that he would like for Davis to remain in ankle irons during the trial. Davis's appointed counsel told the prosecutor he could do whatever he wanted to do in that regard and that he would not object. The prosecutor then requested that Davis also remain handcuffed and the court agreed. Appointed counsel responded, "Oh, I don't care."

Before jury selection, appointed counsel informed the court that Davis was dissatisfied with the way the case was being handled and did not think counsel had had time to prepare the case. The court simply responded, "Okay." During jury selection, appointed counsel did not ask questions of any of the four panels of potential jurors and again informed the court that Davis did not want him as counsel. After the jury was selected, the court ordered a 15-minute recess. During the recess, the court asked Davis if there was something he wanted to say and the following transpired:

DAVIS: I'm firing my counsel.
THE COURT: You want to represent yourself?
DAVIS: No, sir, I don't. I mean, if it's possible, you know, can you appoint me someone that — that will give me better legal assistance?

THE COURT: Well, I think [counsel] is a very . . .
DAVIS: I'm firing him. I'll have to do without him.
THE COURT: Well, [counsel] has been appointed to represent you. You have a choice of representation when you hire your own lawyer. But when you have one appointed, it doesn't really matter who is appointed. . . .

Davis then stated that he would try to hire counsel and the court responded that he would have to do so in the next 15 minutes. Davis answered that he could not do that and the court suggested that he try to work out his differences with his appointed counsel in the next few minutes. After the recess, Davis told the court that he needed time to do research to prepare his case.

THE COURT: Well, we've already empaneled the jury now. I think it's time to go forward with it. I'm going to ask [counsel] to stay at the table and assist you. If you have any questions . . .
DAVIS: I don't care for his assistance, Your Honor.
THE COURT: Well, he's going to be there as a resource for you, if you want to use him. You can represent yourself. That's fine. But you're going to have to follow the procedures of court. [Counsel] will be there to consult as far as procedures go. Anything else you want to ask me now?

Davis did not respond.

The state gave an opening statement. The court then addressed Davis as follows: "Mr. Davis, you've indicated that you wish to represent yourself. I've asked [counsel] to sit at the table with you to assist you in whatever procedural questions or whatever other questions you might wish to ask him. Is there any opening statement that you'd like to make to the jury?" Appointed counsel stated that he did not intend to make an opening statement and Davis responded that he needed time to prepare his case. The state then presented the testimony of three witnesses and neither Davis nor his appointed counsel made any objections. After each witness had testified, appointed counsel stated that they had no questions. The court then asked Davis if he wanted to ask questions, but Davis did not do so.

When the state rested, the court asked Davis to confer with appointed counsel to determine if they wanted to present any evidence. Appointed counsel responded that he wanted to call Davis as a witness and asked him if he wanted to testify or make a statement. Davis did not respond.

After the state's closing argument, the court recognized appointed counsel and he addressed the jury as follows:

I want you all to understand that I was appointed to represent this man and I tried to represent him and he has intimated to me in conversation that he had some defense to the charge of escape. I can't get him to tell me what it is. I can't get him to respond to anything now. The court has ordered him or given him a chance to make a statement now, but he won't do it. He said he don't want me as his attorney. He wants another attorney. Well, I don't care if he does. I mean, it suits me fine. I'd like to get out of it. But I'm in it, so I'll do the best I can with it. I mean — I'd like to call Mr. Davis as a witness. Do you want to make a statement to the jury?

Davis did not respond. The court then charged the jury and neither Davis nor appointed counsel objected to or reserved objections to the charge.

1. Davis claims that the trial court erred by requiring him to proceed pro se without knowingly and intelligently waiving his right to counsel. We agree.

The United States Constitution guarantees a person brought to trial in any federal or state court the right to assistance of counsel before he can be validly convicted and punished by imprisonment.[1] A defendant may forfeit this constitutional right only by a knowing and intelligent waiver.[2]

In order to establish a valid waiver, a trial judge must investigate as long and as thoroughly as the circumstances of the case before him demand. To be valid, such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter.[3]

Each case must be evaluated on its own unique facts and circumstances, and there is no magic language that the trial court must use to determine whether a waiver of counsel is valid.[4]

The state has the burden of proving that the defendant received sufficient information and guidance from the trial court to knowingly and intelligently waive the right to counsel.[5] The record should reflect

---

[1] *Faretta v. California*, 422 U. S. 806, 807 (95 SC 2525, 45 LE2d 562) (1975).

[2] *Hamilton v. State*, 233 Ga. App. 463, 466 (1) (b) (504 SE2d 236) (1998).

[3] Id. (citations, punctuation and emphasis omitted).

[4] Id.

[5] Id. at 467.

a finding by the trial court that the defendant has elected to proceed pro se and should show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel.[6]

Here, Davis was required to proceed pro se for the majority of the trial. His appointed counsel was apparently expected to serve in a limited capacity as standby counsel.[7] But the trial court never informed Davis of any of the dangers of proceeding without counsel.[8] He never informed Davis of the nature of the charge against him, the punishments he might receive, the possible defenses to the charge or potentially mitigating circumstances. Nor is there any evidence in the record that Davis understood the consequences, dangers and permanency of waiving his right to counsel at the time he sought dismissal of his court-appointed attorney.[9] Under the circumstances, the state has failed to meet its burden of proving a valid waiver and the trial court erred by allowing Davis to proceed without counsel.[10]

2. We next consider whether Davis was harmed by the trial court's error. To prove the error harmless, the state must show beyond a reasonable doubt that the error did not contribute to the verdict.[11]

Although appointed counsel sat through the trial with Davis, he provided no assistance during the trial, and, prior to trial, potentially made things worse for Davis by failing to voir dire any of the potential jurors and by failing to object to him being visibly handcuffed and shackled during trial or even to request a curative instruction that the restraints should not be considered evidence of his guilt.[12] Finally, appointed counsel incorrectly informed the jury that Davis had been ordered by the court to make a statement and had failed to do so. Thus, Davis truly "stood trial alone with no assistance or protection

---

[6] *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981).

[7] See, e.g., *Merritt v. State*, 222 Ga. App. 623, 624 (475 SE2d 684) (1996) (trial court may appoint standby counsel for defendant wanting to proceed pro se, even over defendant's objections, provided standby counsel's role is appropriately limited such that defendant is given chance to present case in his own way and jury perceives that defendant is representing himself).

[8] Cf. *Bryant v. State*, 268 Ga. 616, 617 (2) (491 SE2d 320) (1997) (record reflects that trial court fully apprised defendant of dangers of self-representation).

[9] See *Hasty v. State*, 215 Ga. App. 155, 159 (2) (450 SE2d 278) (1994).

[10] See *Middleton v. State*, 254 Ga. App. 648, 650 (1) (563 SE2d 543) (2002); *Hamilton*, supra at 469 (1) (c); *Prater v. State*, 220 Ga. App. 506, 509 (469 SE2d 780) (1996).

[11] *Middleton*, supra at 650 (2).

[12] But see *Allen v. State*, 248 Ga. App. 79, 82-83 (3) (545 SE2d 629) (2001) (where defendant is visibly restrained during trial, court must instruct jury that use of restraints has no bearing on defendant's guilt or innocence, even without a request for such instruction).

of his rights."[13] And although Davis does not dispute that the evidence of his guilt was sufficient, we have repeatedly found that an error based on the failure to establish a valid waiver of the right to counsel is not harmless where the defendant did not mount an able defense — even though the evidence of guilt was ample.[14]

Here, neither Davis nor his appointed counsel participated in voir dire. Davis did not present an opening or closing statement, did not question any of the state's witnesses, made no objections to any questioning by the state and failed to object when his appointed counsel told the jury that he had failed to comply with a court order to give a statement. Davis was clearly unable to mount a competent defense on his own and was not warned of the dangers of proceeding without counsel. "Because we cannot conclude that [Davis's] conviction was independent of his decision to represent himself,"[15] we reverse the judgment of the trial court and remand for a new trial.

3. Because we reverse the conviction and remand for a new trial, we need not address Davis's remaining claims.[16]

*Judgment reversed. Ruffin, C. J., and Smith, P. J., concur.*

---

DECIDED JUNE 5, 2006.

---

*John H. Bradley*, for appellant.
*Fredric D. Bright, District Attorney, Joseph M. McKinnon, Assistant District Attorney*, for appellee.

---

[13] *Rutledge v. State*, 224 Ga. App. 666, 670 (3) (482 SE2d 403) (1997) (citations and punctuation omitted).

[14] See *Middleton*, supra at 651 (where defendant was unable to present competent defense and failed to object to court's improper and prejudicial comments, error was not harmless); *Raines v. State*, 242 Ga. App. 727, 730 (1) (531 SE2d 158) (2000) (error not harmless where evidence was substantial, but transcript reflected defendant's inexperience in legal matters); *Braswell v. State*, 240 Ga. App. 510, 511 (1) (523 SE2d 904) (1999) (despite strong evidence of guilt, error not harmless where defendant's efforts were minimal and misguided); *Prater*, supra (although evidence was ample, error not harmless where defendant was "confused, disorganized, and ill-equipped for handling the case").

[15] *Prater*, supra; see also *Middleton*, supra at 653.

