**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 14, 2024**

# In the Court of Appeals of Georgia

A24A0299. RIVERA v. THE STATE.

MERCIER, Chief Judge.

Following a bench trial, Jacob Rivera was convicted of one count of sexual exploitation of children and he was thereafter sentenced to twenty years, with the first fifteen to be served in confinement.[1] Rivera filed this appeal, arguing that the trial court erred by allowing him to represent himself at trial, that the verdict was against the weight of evidence, that the trial court erred by finding that he waived his right to a jury trial, and that both his pre-trial counsel and post-conviction counsel were

---

[1] The trial court found Rivera guilty of five additional counts of sexual exploitation of children but merged them into the count for which Rivera was convicted for purposes of sentencing. The trial court found Rivera not guilty of one count of sexual exploitation of children.

ineffective. Finding that Rivera did not make a knowing waiver of his right to counsel, we must reverse the denial of his motion for new trial.

1. As an initial matter, Rivera argues that the verdict was against the weight of evidence. See OCGA §§ 5-5-20 and 5-5-21. However, such an appeal of the general grounds "is vested solely in the trial court. . . . [A]n *appellate* court does not review the merits of the general grounds." *Thrift v. State*, 310 Ga. 499, 503 (2) (852 SE2d 560) (2020) (citation and punctuation omitted, emphasis in original).

Rivera also claims that the State "did not meet its burden of proof." However, he fails to support this enumerated error with citations to the record. As such, it is deemed abandoned. See *Jones v. State*, 339 Ga. App. 95, 105 (5) (791 SE2d 625) (2016) ("[B]ecause [the appellant] failed to provide citations to the record and legal authorities in support of this contention, he has abandoned it for appellate review."); see also Court of Appeals Rule 25 (d) (1) (i) ("Each enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of a specific reference, the Court will not search for and may not consider that enumeration.").

2. Rivera claims, in an enumerated error which he supported with record citations and legal argument, that the trial court erred by allowing him to proceed pro se at trial. We agree.

"Both the federal and state constitutions guarantee a criminal defendant both the right to counsel and the right to self-representation." *Wiggins v. State*, 298 Ga. 366, 368 (2) (782 SE2d 31) (2016), citing *Faretta v. California*, 422 U. S. 806, 819-820 (III) (A) (95 SCt 2525, 45 LE2d 562) (1975); Ga. Const. of 1983, Art. I, Sec. I, Pars. XII and XIV; and *Taylor v. Ricketts*, 239 Ga. 501, 502 (238 SE2d 52) (1977). A defendant may waive his or her right to counsel and assert the right to self-representation, but it must be done through an unequivocal assertion of that right. See *Wiggins*, 298 Ga. at 368 (2). After a defendant has made the assertion, the trial court must conduct a hearing "to ensure that the defendant knowingly and intelligently waives the traditional benefits associated with the right to counsel and understands the disadvantages of self-representation so that the record will establish that he knows what he is doing and his choice is made with eyes open." Id. (citation and punctuation omitted). "Whether a defendant is capable of making a knowing and intelligent decision will depend on a range of case-specific factors, including the defendant's

education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." *State v. Houston*, 312 Ga. 853, 857 (2) (866 SE2d 379) (2021) (footnote, citation and punctuation omitted).

While an appellant "generally carries the burden to show error affirmatively by the record[,] . . . when a defendant challenges an alleged waiver on appeal, it is the State's burden to prove that the defendant received sufficient information and guidance from the trial court upon which to knowingly and intelligently relinquish this right." *Hamilton v. State*, 233 Ga. App. 463, 466-467 (1) (b) (504 SE2d 236) (1998) (citations omitted). Further, "there is a presumption against waiver." *Stewart v. State*, 361 Ga. App. 636, 640 (2) (a) (865 SE2d 237) (2021) (citation and punctuation omitted). "The determination of whether a defendant is capable of making a knowing waiver of his right to counsel is a factual determination that we accept on appeal unless it is clearly erroneous." *Houston*, 312 Ga. at 857 (2).

Over a series of hearings, Rivera announced, and reaffirmed, his desire to try the case pro se. The trial court repeatedly informed Rivera that, while he had the right to represent himself, it was inadvisable as he would be held to the same standard as a lawyer, despite the fact that Rivera lacked both the education and experience of an

attorney. The trial court also informed Rivera that he could either hire an attorney or the trial court could appoint him another attorney,[2] and that if he had counsel, his counsel would have the same education and skill as the State's lawyer.[3] The trial court told Rivera it would be better if he was represented by counsel given "the nature of the charges and what [he was] facing, should [he] be convicted[.]" Further, the trial court informed Rivera that it could not give him advice. Subsequently, at a motion hearing, Rivera complained that he was having trouble conducting legal research and the trial court stated that was "why it's in [Rivera's] best interest to have a lawyer represent [him]."

After Rivera initially asserted his right to proceed pro se, one of the attorneys for the State inquired: "Do I need to do anything in preparation for the pro se litigant in terms of having a *Faretta* hearing or doing anything like that?" The trial court responded: "I'll address that." However, over the many conversations with Rivera

---

[2] While the record is unclear, it appears that Rivera had at least four successive attorneys prior to his trial.

[3] During a motion hearing, the trial court learned that Rivera had obtained his GED.

about his choice to proceed pro se, the trial court failed to inform Rivera of the nature of the charges against him or the possible sentences he faced if found guilty.

While there is no specific script that a trial court must follow in order to ascertain if a defendant has waived their right to counsel, the waiver must be knowing. See *Merriweather v. Chatman*, 285 Ga. 765, 767 n. 2 (684 SE2d 237) (2009) (Our Supreme Court declined "to adopt a specific colloquy for trial courts to follow when admonishing defendants on the dangers of self-representation at trial or on appeal."). In order for the defendant's waiver to be knowing, we have held that the record must show that the defendant is aware of: "(1) the dangers and disadvantages of self-representation, and (2) the basics of his case, including the general nature of the charges and case against him, possible defenses and mitigating circumstances, and the range of consequences if convicted of those charges." *Stewart*, 361 Ga. App. at 642-643 (2) (a) (citation and punctuation omitted). Here, the trial court made general statements that Rivera should reconsider waiving his right to counsel given "the nature of the charges" he was facing at trial. But, the trial court failed to ensure that Rivera was aware that he was facing seven felony counts of sexual exploitation of a minor and the range of consequences if he was convicted of those charges. Although

it is clear from the record that the trial court intended to fulfill its obligation to conduct a *Faretta* hearing, the record does not reflect that it occurred. Accordingly, the State has failed to meet its burden of demonstrating that Rivera received sufficient information and guidance from the trial court upon which to knowingly and intelligently relinquish his right to counsel. We must conclude therefore that the trial court erred by allowing Rivera to proceed without counsel. See *Cook v. State*, 297 Ga. App. 701, 702 (678 SE2d 160) (2009) (State failed to meet burden where "[n]o evidence was presented that [the defendant] was adequately informed of the nature of the charges against her, the possible punishments she faced, the dangers of proceeding pro se, and other circumstances that might affect her ability to adequately represent herself") (citation and punctuation omitted); *Davis v. State*, 279 Ga. App. 628, 631 (1) (631 SE2d 815) (2006) (State failed to meet burden where, inter alia, there was no evidence presented that the trial court informed defendant of "the nature of the charge against him, the punishments he might receive, the possible defenses to the charge or potentially mitigating circumstances"); *Middleton v. State*, 254 Ga. App. 648, 649 (1) (563 SE2d 543) (2002) (State failed to prove knowing waiver where there was nothing in the record to show "that the trial court—or anyone else—ever warned

7

[the defendant] about the dangers of proceeding pro se or explained to him the nature of the charges against him, the potential penalties he faced, and possible defenses or mitigating circumstances."). Compare *Cain v. State*, 310 Ga. App. 442, 443 (1) (714 SE2d 65) (2011) ( no reversible error when defendant proceeded pro se during voir dire, after trial court informed defendant of dangers of proceeding pro se, including the sentence he could face if found guilty).

3. A trial court's failure to ensure that the defendant made a knowing and intelligent waiver of his or her right to counsel does not automatically entitle a defendant to a new trial; the defendant must be harmed by the trial court's error. See *Davis*, 279 Ga. App. at 631 (2). In order to "prove the error harmless, the [S]tate must show beyond a reasonable doubt that the error did not contribute to the verdict." Id. "And this [C]ourt has repeatedly found that such error was *not* harmless where the record showed that the defendant did not mount an able defense—even though the evidence of guilt was ample." *McDaniel v. State*, 327 Ga. App. 673, 680 (1) (c) (761 SE2d 82) (2014) (citation and punctuation omitted, emphasis in original).

Here, the record shows that Rivera did not mount an able defense. Rivera was charged with seven counts of sexual exploitation of children due to his possession of

8

videos found on his computer that depicted sexually explicit conduct containing children. While Rivera cross-examined the two witnesses called by the State, he declined to call any witnesses, including any expert witnesses regarding his defense that the child pornography could have been on his computer without his knowledge. Further, after declining to call any witnesses, Rivera attempted to admit evidence during his closing argument, which the trial court declined. "Because we cannot conclude that [Rivera's] conviction was independent of his decision to represent himself," we reverse the judgment of the trial court and remand for a new trial. *Davis*, 279 Ga. App. at 632 (2) (citation and punctuation omitted); see *Stewart*, 361 Ga. App. at 645 (2) (b). When the case returns to the trial court, upon retrial Rivera may choose to be represented by counsel, or he may waive his right to counsel after being made aware of the disadvantages of self-representation.

4. As the case is being remanded for a new trial, Rivera's claim that he did not make a knowing waiver of his right to a jury trial is moot. When the case returns to the trial court, upon retrial Rivera may choose to proceed with a jury trial, or he may waive his right to a jury trial after being made aware of his right. See *Agee v. State*, 311 Ga. 340, 345 (2) (857 SE2d 642) (2021) (defendant personally, knowingly, voluntarily,

and intelligently waived a jury trial after he was informed of the various aspects of a jury trial and the consequences of relinquishing the constitutional right, and the court received "defendant's oral assurance that he wished to waive trial by jury") (citation and punctuation omitted).

Similarly, as Rivera's motion for new trial must be granted for the reasons discussed above, we need not reach his claims that he received ineffective assistance of counsel. See *O'Shields v. State*, 351 Ga. App. 800, 807 (3) (833 SE2d 290) (2019).

*Judgment reversed and case remanded. McFadden, P. J., and Rickman, J., concur.*